UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THADDEUS RODRIGUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:22-cv-02205-TWP-KMB |
| | ) |
| ZATECKY, | ) |
| JACK HENDRIX, | ) |
| PAULA DICKSON, | ) |
| J. COOK, | ) |
| CHAD EVANS, | ) |
| JOHN STAFFORD, | ) |
| ARNOLD, | ) |
| BALLENGER, | ) |
| REAGAL, | ) |
| M. LEOHR | ) |
| Defendants. | ) |

**Order Screening Amended Complaint**

This matter is before the Court for screening of Plaintiff Thaddeus Rodriguez's ("Mr. Rodriguez") Amended Complaint. (Dkt. 21-1). Mr. Rodriguez is in custody of the Indiana Department of Correction. He filed this civil action alleging that he was held in segregation at Wabash Valley Correctional Facility and Pendleton Correctional Facility in violation of due process. The Court later granted Mr. Rodriguez leave to file an amended complaint. Because Mr. Rodriguez is incarcerated, the Court must screen the amended complaint. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether a complaint states a claim,

the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

In the Amended Complaint, Mr. Rodriguez is suing 10 defendants: (1) Warden Zatecky; (2) Jack Hendrix; (3) Paula Dickson; (4) J. Cook; (5) Chad Evans; (6) John Stafford; (7) Arnold; (8) Ballenger; (9) former Warden D. Reagle; and (10) M. Leohr. He seeks injunctive relief, compensatory damages, and punitive damages.

In the amended complaint, Mr. Rodriguez alleges that he was placed on department-wide administrative segregation in 2016 while he was in custody at Wabash Valley Correctional Facility. Dkt. 1 at 4.

In November 2016, Mr. Rodriguez was transferred to Pendleton Correctional Facility. There, defendants Warden Zatecky, Jack Hendrix, Paula Dickson, J. Cook, Chad Evans, John Stafford, Arnold, and Ballenger kept him in segregation until December 9, 2020, with no meaningful periodic review.[1] The conditions in segregation were unsanitary and aggravated his asthma. A non-defendant officer allowed other incarcerated individuals to attack him.

---

[1] In the amended complaint, Mr. Rodriguez alleges that he was housed in segregation for "over three years." Dkt. 21-1 at 8. In his original complaint, he alleged under penalty of perjury that he was in segregation until December 9, 2020. Dkt. 1 at 3−8.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

**A. Claims to Proceed**

Mr. Rodriguez has alleged facts from which a jury could infer that Warden Zatecky, Jack Hendrix, Paula Dickson, J. Cook, John Stafford, Arnold, and Ballenger kept him in segregated housing in unsanitary conditions for four years with no meaningful periodic review. These claims **SHALL PROCEED** as claims for damages under the Eighth and Fourteenth Amendments.

**B. Claims to Be Dismissed**

All claims against Chad Evans, D. Reagle, and M. Leohr are **dismissed as frivolous** because they are barred by the relevant statute of limitations. Any constitutional violation caused by these defendants ended, at the latest, when Mr. Rodriguez was released from segregation on December 9, 2020. The relevant statute of limitations here is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34-11-2-4. That means Mr. Rodriguez needed to file suit against Mr. Evans, Warden Reagle, and Officer Leohr by December 9, 2022. Instead, he named them as defendants for the first time in his amended complaint, which was filed on August 23, 2023. Dkt. 21-1.

A plaintiff may be able to replace or add defendants after the period of limitations has run by using the relation-back doctrine of Federal Rules of Civil Procedure 15(c)(1)(C). A party may be treated as if named in the original complaint (assuming it was timely filed), if Rule 15(c)(1)(B) is satisfied and if, within the 90-day period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

>   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 15(c)(1)(B) is met here because "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out ... in the original pleading." However, Mr. Evans, Warden Reagle, and Officer Leohr were not added "within the period provided by Rule 4(m)," nor did they receive notice of the action during this timeframe. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121–22 (7th Cir. 2022).

Additionally, any claim for injunctive relief is **dismissed** for lack of standing, as Mr. Rodriguez is no longer housed in segregation. To establish standing to seek an injunction, "a plaintiff must face a 'real and immediate' threat of future injury as opposed to a threat that is merely 'conjectural or hypothetical.'" *Simic v. City of Chi.*, 851 F.3d 734, 738 (7th Cir. 2017) (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983)). Mr. Rodriguez does not allege any ongoing constitutional violation that he seeks to enjoin.

### IV. Service of Process

The **clerk is directed** to add Chad Evans, D. Reagle, and M. Leohr as defendants on the docket and then terminate them as defendants in this case.

Defendants Warden Zatecky, Jack Hendrix, Paula Dickson, J. Cook, John Stafford, Arnold, and Ballenger shall have **14 days following issuance of this Order** to answer or otherwise respond to the amended complaint.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date 5/13/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

THADDEUS RODRIGUEZ
964882
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only